UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OSCAR McGRAW, )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Respondent. ) | No. 1:13-cv-01717-LJM-WGH<br>No. TH 02-18-CR-01-M/L |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The ' 2255 Motion**

The motion for relief from judgment filed by petitioner Oscar McGraw on September 11, 2013, in No. 2:06-cv-130-LJM-WTL challenges to the sentence imposed in his conviction in No. No. TH 02-18-CR-01-M/L. Through the Entry issued on November 4, 2013, that motion was treated as a new action for relief pursuant to 28 U.S.C. § 2255 and this action was filed.

Having considered the § 2255 motion and the records in the underlying criminal action, and being duly advised, the court finds that this action must be dismissed for lack of jurisdiction. This conclusion rests on the following facts and circumstances:

1.    A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). McIntosh filed such an action on July 5, 2006. The action was denied on the merits in *McGraw v. United States*, No. 2:06-cv-130-LJM-WTL (S.D.Ind. May 9, 2007). The appeal from that disposition was ultimately dismissed because McGraw failed to pay the docketing fee.

2. McGraw's motion for relief from judgment in No. No. 2:06-cv-130-LJM-WTL was evaluated under the guidelines established in *Gonzales v. Crosby*, 545 U.S. 524,535 (2005). Because, according to McGraw, the motion for relief from judgment renewed a challenge to the sentence which had been presented and rejected in the first § 2255 action, the motion for relief from judgment was treated as a second or successive such motion. This was done in the Entry of November 4, 2013.

4. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. ' 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, ' 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "is an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

5. With the prior ' 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that McGraw has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Date: 01/21/2014

Distribution:

OSCAR McGRAW
REG NO 06927-028
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509